**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 16-4179

————————————

MARK J. CARTER,

Appellant

v.

THE CITY OF PHILADELPHIA;
POLICE OFFICER ROLAND M. BUTLER, BADGE NUMBER 2922;
POLICE OFFICER MAMMOUA, BADGE NO. 4805;
RUFUS STOKES; FAYE PATERSON;
POLICE OFFICERS JOHN DOE,
NUMBERS 1 THROUGH FIFTEEN,
BADGE NUMBERS UNKNOWN;
JOHN ROE'S, ONE THROUGH TEN

————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cv-01052)
District Judge:  Hon. Legrome D. Davis

————————————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 15, 2017

Before: VANASKIE, RENDELL, FUENTES, *Circuit Judges*

(Opinion Filed: December 6, 2017)

FUENTES, *Circuit Judge*.

Mark Carter appeals the District Court's dismissal of his claim for denial of access to courts and its grant of summary judgment in favor of Butler and Mammoua on his excessive force and assault and battery claims. For the following reasons, we will affirm.

**I.**

Because we write primarily for the parties, we discuss only those facts necessary to our decision.

In March 2013, Carter was involved in a traffic accident in the City of Philadelphia. Before the police arrived, Carter left his car and began walking away from the scene. He was detained by at least one non-police individual in the area. According to Carter, numerous police officers then arrived and "beat [him]."[1] Carter was arrested for driving under the influence.

In 2015, Carter sued the City of Philadelphia ("City") and police officers Butler and Mammoua, among others. In the first count of his Amended Complaint, Carter alleged that the City violated his right to access the courts because its procedures prevented him from identifying all of the officers involved in his arrest. He based his allegation on the Philadelphia Police Department's Overtime Management Memorandum and its Standard

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Supp. App. 18 (29:1).

Operating Procedures. The Overtime Management Memorandum directs that only those officers "necessary for the successful outcome of the case" be listed on arrest and investigative reports.[2] Similarly, the Standard Operating Procedures require that "each component of case management is handled by as few police personnel as possible, as needed for the successful prosecution of the case."[3] The District Court granted the City's Motion to Dismiss Carter's denial of access to courts claim.

Carter's Amended Complaint also included one count of excessive force and one count of state law assault and battery against Butler and Mammoua. During his deposition, Carter testified that the police officers who "beat" him were "black."[4] He also testified that he could not recall how many officers hit him nor what any of the officers looked like. Furthermore, the factual record reflects that Carter could not identify Butler from a photo array of eight African American police officers, that Mammoua is Caucasian, and that Butler and Mammoua completed the incident and arrest reports regarding Carter's arrest and the preceding events. The District Court granted summary judgment in favor of Butler and Mammoua on Carter's excessive force and assault and battery claims. This appeal followed.[5]

---

[2] App. 64a.
[3] App. 68a.
[4] Supp. App. 18 (29:13-14; 30:13-15).
[5] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. We have jurisdiction under 28 U.S.C. § 1291. Our review of a grant of a motion to dismiss is plenary, and for the purpose of such review, we accept the factual allegations in the operative complaint as true. *Allen v. DeBello*, 861 F.3d 433, 437–38 (3d Cir. 2017). Our review of a grant of summary judgment is also plenary. *Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 297 n.11 (3d Cir. 2017). Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party,

3

## II.

We will first examine Carter's argument that the District Court erred in dismissing his claim for denial of access to courts and then turn to Carter's appeal of the District Court's grant of summary judgment.

### A.

Carter asserts that his right of access to courts was violated by the City's procedures delineating that only officers necessary to the success of a case be listed on arrest reports because such procedures prevented him from identifying, suing, and deposing all of the officers who were involved in his assault. The right of access to courts is a constitutional right that is grounded in the Privileges and Immunities Clause of Article VI, the Petition Clause of the First Amendment, the Fifth Amendment Due Process Clause, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.[6] We have explained that "only prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation."[7] The City's procedures at issue here do neither.

As the District Court discussed, the City's procedures did not prevent Carter from filing suit because he successfully filed the instant lawsuit. Similarly, Carter's access to

---

the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*; Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[6] *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002).

[7] *Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003).

4

the court was not rendered ineffective or meaningless by the City's procedures. We have previously expressed our reluctance to allow plaintiffs to recover on denial of access to courts claims for "any cover-ups or discovery abuses after an action has been filed inasmuch as the trial court can deal with such situations in the ongoing action."[8] Although the City's procedures were in place before Carter filed this action, the same principle applies. Carter's access to the court was not ineffective or meaningless because he could have dealt with his uncertainty about which officers were present at the scene of his arrest in his proceedings before the District Court. Specifically, Carter could have attempted to identify other officers through discovery and then sought to join them in the present action. In fact, Carter did learn the names of two officers who were involved in his arrest during Butler's deposition. He did not try to join the officers in this action, and he does not explain why he could not have done so. Accordingly, we conclude that Carter's access to the court was not ineffective or meaningless, and we will affirm the District Court's dismissal of his claim for denial of access to courts.

B.

We will also affirm the District Court's grant of summary judgment on Carter's excessive force and assault and battery claims. The District Court concluded that Butler and Mammoua had met their burden of showing that there was an absence of evidence to support Carter's case. On appeal, Carter challenges the District Court's conclusion and also argues that Butler and Mammoua are liable because they failed to intervene to stop

---

[8] *Id.*

the assault. We need not address Carter's failure-to-intervene argument because he has waived it by not raising it in the District Court.[9]

Turning then to the District Court's grant of summary judgment, we conclude that the District Court properly held that there was an absence of evidence to support Carter's excessive force and assault and battery claims. In fact, there is no evidence that supports Carter's assertions that Butler and Mammoua had any physical contact with him, let alone any evidence that they used excessive force against him. Instead, the record contradicts Carter's claims: Carter could not identify Butler in a photo array, and Carter testified that the officers who assaulted him were African American, but Mammoua is Caucasian. Carter argues that a genuine dispute of material fact exists because Butler and Mammoua wrote the reports detailing the events of the night of his arrest. However, even viewed in the light most favorable to Carter, this fact has no bearing on whether Butler and Mammoua personally used force of any kind against Carter. Thus, we will affirm the District Court's grant of summary judgment on Carter's excessive force and assault and battery claims.

## III.

For the foregoing reasons, we will affirm the District Court's dismissal of Carter's denial of access to courts claim and its grant of summary judgment in favor of Butler and Mammoua on Carter's excessive force and assault and battery claims.

---

[9] *Webb v. City of Philadelphia*, 562 F.3d 256, 263 (3d Cir. 2009).